# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DONNA SIMMS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) |
| **TRUIST BANK & EQUIFAX INFORMATION SERVICES, LLC,** | ) ) ) |
| **Defendants.** | ) ) |

CIVIL ACTION NO.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Truist Bank ("Truist" or "Defendant"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby gives notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Defendant respectfully states as follows:

# I. PROCEDURAL HISTORY

1. Plaintiff Donna Simms ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of Fulton County, Georgia against Truist and Equifax Information Services, LLC ("Equifax"). The Complaint was assigned case number 24CV011058. (*See* Complaint, attached hereto with the state court file as **Exhibit A**.)

2. The Complaint was served on Truist on September 5, 2024.

3. The Complaint alleges that Truist and Equifax reported inaccurate information on Plaintiff's credit report and asserts that both defendants violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

4. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

6. This case is properly removable, pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting claims against Truist and Equifax under the FCRA, a federal statute. *See* 15 U.S.C. § 1681, *et seq.* (*See* Ex. A, Compl.)

8. Accordingly, federal question jurisdiction exists, as Plaintiff's FCRA claims arise under the laws of the United States and could have been originally filed in this Court.

## III. ADOPTION AND RESERVATION OF DEFENSES

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Truist's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Truist also reserves the right

to demand arbitration pursuant to any contractual agreements with Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. PROCEDURAL REQUIREMENTS

10. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. True, correct, and certified copies of "all process, pleadings, and orders" from the state court action are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Truist to date in this case.

12. This Notice of Removal is filed within thirty days after service on Truist of the Complaint and is, therefore, filed within the time frame set forth in 28 U.S.C. § 1446.

13. Attached hereto as **Exhibit B** is Equifax's consent to removal of this action.

14. Truist has not previously sought similar relief.

15. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

16. Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

17. Contemporaneously with the filing of this Notice of Removal, Truist has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Superior Court of Fulton County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Truist prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 7th day of October, 2024.

> */s/ Rachel R. Friedman*
> Rachel R. Friedman
> Georgia Bar No. 456493
> rfriedman@burr.com
> BURR & FORMAN, LLP
> 1075 Peachtree Street NE, Suite 3000
> Atlanta, GA 30309
> Telephone:  (404) 815-3000
> Facsimile:  (404) 817-3244
>
> Attorney for Defendant
> TRUIST BANK

## **CERTIFICATION OF COUNSEL**

      I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

                              */s/ Rachel R. Friedman*
                              Rachel R. Friedman
                              Georgia Bar No. 456493
                              rfriedman@burr.com

BURR & FORMAN LLP
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on the following via U.S. First Class Mail, postage prepaid, and via e-mail on this 7th day of October, 2024:

LaTonya Sims, Esq.
100 Galleria Parkway, Suite 1570
Atlanta, GA 30339
LaTonya.S@gitmeidlaw.com
*Counsel for Plaintiff*

                                        */s/ Rachel R. Friedman*
                                        Rachel R. Friedman
                                        Georgia Bar No. 456493
                                        rfriedman@burr.com